

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

June 28, 1947

Hon. W. C. Hancock,
County Attorney,
Camp County,
Pittsburg, Texas

Dear Sir:

Opinion No. V-272

Re: Compensation of Coun-
ty Attorney when as-
sisting the District
Attorney in the prose-
cution of cases in the
District Court.

We refer to your letter of June 4, 1947,
which reads in part as follows:

"Article 26 of the Code of Criminal
Procedure provides, in part: 'The County
Attorney shall attend the terms of all
courts in his county below the grade of
District Court, and shall represent the
State in all criminal cases under exami-
nation for prosecution in said county and
in the absence of the District Attorney
he shall represent the State alone, or
when requested shall aid the District At-
torney in the prosecution of any case in
behalf of the State in the District Court,
and in such cases he shall receive all or
one-half of the fees allowed by law to
District Attorneys, according as he acted
alone or jointly.'

"Inasmuch as the district attorney
in this district does not receive fees
and instead is paid a salary I would like
to know whether or not I could be required,
as county attorney, to assist in the prose-
cution of cases in the district court, and
if so what compensation I would be entitled
to receive therefor."

The 76th Judicial District consists of the
following counties: Titus, Franklin, Camp, Morris, and
Marion. There is a duly elected, qualified, and acting
District Attorney in said District.

The remainder of Article 26, C. C. P., not quoted by you, reads as follows:

". . . In such cases he shall receive all or one-half of the fees allowed by law to the district attorney whose duties he performs, or assists in performing, but shall receive no part of the constitutional salary allowed to such district attorney, according as he acted alone or jointly; provided that fees collected by the county attorney from the State for such services shall be deducted by the Comptroller of Public Accounts from the fees which otherwise would have been paid to the district attorney had he represented the State along; provided further this article shall not be construed as inhibiting any county attorney from voluntarily, with the consent of the district attorney, assisting the district attorney in the performance of his respective duties, without compensation."

Section 21 of Article V of the State Constitution is in part as follows:

". . .The county attorneys shall represent the State in all cases in the district and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a district attorney, the respective duties of district attorneys and county attorneys shall in such counties be regulated by the Legislature. The Legislature may provide for the election of district attorneys in such districts, as may be deemed necessary, and make provisions for the compensation of district attorneys, and county attorneys; provided, district attorneys shall receive an annual salary of five hundred dollars, to be paid by the State, and such fees, commissions and perquisites as may be provided by law. County attorneys shall receive as compensation only such fees, commissions and perquisites as may be prescribed by law."

In the case of Voges v. Sheppard, 123 Tex. 96, 67 S. W. 2d 856, under similar facts as involved here, the Commission of Appeals had this to say:

"It is at once apparent that a purpose of Article 1025 was to respond to the call of Article 26 for compensation to the county attorney for the services prescribed by the latter statute as a subject for compensation. There is little doubt that in naming that officer, along with the district attorney, as a beneficiary of the fees prescribed in Article 1025, the Legislature had in immediate contemplation the provisions of the other article regarding the compensation of the county attorney in felony trials, and which, in express terms, limit such compensation to 'fees allowed by law to district attorneys.' It is thus seen that the right of the relator to fees in cases of felony conviction, as prescribed in Article 1025, depends on whether such fees are allowed to the district attorney of the district which embraces Wilson County. That said district attorney is not allowed said fees is plainly disclosed by the provisions of Article 1021; for the last-named article provides, in substance, that a district attorney, in a district composed of two or more counties, shall receive a per diem compensation, depending upon his attendance upon the session of the court in the necessary performance of his official duty. . ." (Emphasis added)

The Court thereupon held that a county attorney was not entitled to a mandamus against the Comptroller to compel him to issue a warrant in favor of the county attorney for services performed at the request of the district attorney in assisting him in felony cases, and for representing the State in habeas corpus cases involving felonies.

Therefore, in view of Article 26 supra, you are respectfully advised that it is the opinion of this

Hon. W. C. Hancock - Page 4

Department that the County Attorney of Camp County is
required to assist in the prosecution of cases in the
District Court, when requested by the District Attorney;
and further, since District Attorneys are no longer com-
pensated on a fee basis, but by the payment of an annual
salary, and the Legislature has made no provision for
compensating the County Attorney who assists the District
Attorney in the prosecution of cases in the District Court
by apportioning to him a part of the salary to be paid
to the District Attorney, it follows that the County At-
torney is not entitled to compensation for such services
rendered.

SUMMARY

The County Attorney of Camp County is
required to assist the District Attorney in
the prosecution of cases in the District
Court when requested, and further the County
Attorney is not entitled to compensation for
such services rendered, since there is no
statutory provision for the same. Art. 26,
C. C. P.: Voges v. Sheppard, 67 S. W. 2d
856.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Bruce Allen*
Bruce Allen
Assistant

BA:erc:WB

APPROVED

*Price Daniel*
ATTORNEY GENERAL